USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-14-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MANUEL COLON,

              *Petitioner*,

      - against -

SUPERINTENDENT M. SHEAHAN,

              *Respondent*.
-------------------------------------------------------------- X

13-cv-6744 (PAC) (JCF)

**OPINION & ORDER
ADOPTING R&R**

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Manuel Colon, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. He challenges the constitutionality of his state-court convictions for two counts of robbery in the first degree and one count of endangering the welfare of a child. He claims: (1) that the trial court misapplied *Neil v. Biggers*, 409 U.S. 188 (1972), to permit a courtroom identification he alleges was tainted; (2) that his counsel was ineffective at trial and in post-conviction proceedings; (3) that the state court committed sentencing errors; and (4) that he is actually innocent of the crimes for which he has been convicted. On January 13, 2016, Magistrate Judge James C. Francis IV issued a report and recommendation (R&R) that the Court deny the petition. Colon filed timely objections, but his objections are inadequate. The Court therefore accepts Magistrate Judge Francis's recommendation and denies the petition.

## BACKGROUND

On December 13, 2003, Colon entered an elevator in an apartment building located at 1641 Madison Ave with Kesia Lora and her ten-year-old daughter, Betsey. Trial Tr. at 194, 196. Colon grabbed Lora and demanded money, threatening that he would take her daughter. *Id.* at 202–03. One week later, Denise Diaz and Ricarda Diaz entered an elevator in an apartment

1

building located at 1734 Madison Avenue with Colon. *Id.* at 408. Colon pulled a gun on the women and demanded their cash and jewelry, fleeing with just over a dollar and a cellphone. *Id.* at 409–10.

On December 22, 2003, Lora's son, Peter, informed her that her assailant had entered the Sunshine Deli across the street from her apartment building. *Id.* at 225. Police responded to Peter's 911 call and removed three men from the deli. *Id.* at 227–29. Lora identified Colon as the robber at the scene and later identified him in the courtroom. *Id.* On February 26, 2004, Lora brought her daughter, Betsy, to the police station to view a line-up. Pretrial Hr. at 63, 65. Colon stood at position two in the line-up of six men, but Betsy did not identify anyone. *Id.* at 67–68. Betsy then reunited with her mother, stating that she believed the perpetrator was in position two, but she was not "a hundred percent sure." *Id.* at 68. After an officer showed them a picture of Colon, Lora and Betsy identified him as the perpetrator. *Id.* at 145. At the pretrial hearing, the court held that Betsy's police-station identification of Colon may have been tainted and required Betsy to testify in order to determine whether there was an independent source for any in-court identification she might make. *Id.* at 128–29. The court held that Betsy was capable of identifying Colon based on a source independent of the line-up and photograph, and Betsy did identify Colon as her assailant at trial. State Court Record (SR) at 104–19. Defense counsel attempted to undermine Betsy's credibility by drawing the jury's attention to the tainted line-up identification at the station house. Trial Tr. at 535.

On September 28, 2004, a jury convicted Colon of two counts of robbery in the first degree under N.Y. Penal Law § 160.15(4) and one count of endangering the welfare of a child under N.Y. Penal Law § 260.10(1). *Id.* at 632–34. He was sentenced to two consecutive ten-year

terms of incarceration for the robberies and a concurrent one-year term for the child-endangerment count. Sentencing Tr. at 17.

In August 2005, Colon moved, pursuant to New York Criminal Procedure Law (CPL) § 440.10, to vacate the judgment, claiming ineffective assistance of counsel because counsel failed to call certain alibi and other witnesses, among other alleged errors ("First § 440.10 Motion"). SR 1–9. The trial judge held that Colon's counsel "provided meaningful representation" and "was effective whether judged by federal or state constitutional standards." *Id.* at 57. In May 2006, the Appellate Division, First Department, denied leave to appeal the decision. *Id.* at 68.

On direct appeal of his conviction, Colon challenged the trial court's admission of the pretrial identification procedure claimed to be tainted and the court's related finding that the witness had an independent source for her in-court identification of Colon. *Id.* at 104–17. The First Department affirmed the conviction, holding that "[w]hile evidence concerning a child witness's prior identification of defendant's photograph should not have been elicited at trial, the error was harmless" because the court "correctly concluded that the child had an independent basis to provide identification testimony at trial." *People v. Colon*, 821 N.Y.S.2d 203, 204 (App. Div. 1st Dep't 2006). The New York Court of Appeals denied leave to appeal. *People v. Colon*, 7 N.Y.3d 924 (2006).

Colon then filed a federal petition for a writ of habeas corpus, claiming that "the state court judge who tried his case improperly determined that a witness's in-court identification was independently reliable even though an earlier identification procedure may have been impermissibly suggestive." *Colon v. Artus*, No. 08 Civ. 2757, 2008 WL 4962969, at *1 (S.D.N.Y. Nov. 20, 2008). U.S. District Judge Scheindlin denied the petition and declined to issue a certificate of appealability. *Id.* at *5.

3

Since Colon's original sentence was unclear with respect to whether he was subject to postrelease supervision, he was resentenced on June 30, 2009, to a 20-year term of imprisonment with no period of supervised release. SR 574–82; *see* N.Y. Penal Law § 70.85; N.Y. Correction Law § 601-d.

In February 2010, Colon renewed his CPL § 440.10 motion ("Second § 440.10 Motion"), claiming (1) ineffective counsel for failing to assert hearsay and Confrontation Clause objections related to the tainted eyewitnesses identification and for failing to present an alibi defense, and (2) actual innocence. SR 263–304. The court rejected Colon's Confrontation Clause objections and actual-innocence claim, but held a hearing on his ineffective-assistance claim that counsel failed to present an alibi defense. *Id.* at 687–774. The court denied the motion in January 2012. *Id.* at 375–81, 776–81.

In August 2013, Colon filed yet another CPL § 440.10 motion ("Third § 440.10 Motion"), claiming (1) that his counsel was ineffective at the hearing on his Second § 440.10 Motion for failing to call alibi witnesses to testify; and (2) that his resentencing was constitutionality infirm due to various procedural errors. *Id.* at 446–50. Colon did not wait for a decision on his Third § 440.10 Motion before filing an unrelated petition for a writ of error *coram nobis* in the First Department, claiming that his counsel at the hearing on his Second § 440.10 Motion was ineffective for failing to file notice of appeal of the decision on that motion. *Id.* at 647–55. Colon's Third § 440.10 Motion was denied on February 3, 2014, and the *coram nobis* petition was denied on April 10, 2014. *Id.* at 642–46, 832. On September 6, 2013, Colon filed a second habeas petition, which is currently before the Court.

4

## DISCUSSION

### I. Legal Standards

#### a. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection is made to the R&R, the Court must review the contested portions *de novo*, but it "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

#### b. Exhaustion and Procedural Default

A habeas petitioner must exhaust all available remedies in state court for each claim prior to federal review. 28 U.S.C. § 2254(b)(1)(A); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). To exhaust a claim, a petitioner must utilize "all available mechanisms to secure appellate review of the denial of that claim," *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981), by "invok[ing] one complete round of the State's established appellate review process." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In general, to properly exhaust a claim in New York, "a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Id.* at 74 (citation omitted). Claims first raised in a CPL § 440.10 motion, however, follow a slightly different process. Since there is no appeal as of right from a trial court's denial of a CPL § 440.10 motion, the claim exhaustion requirement mandates that leave to appeal be sought from the Appellate Division; if leave is denied, the claim is deemed exhausted. *See Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990); *Reyes v. Phillips*, No. 02 Civ. 7319, 2005 WL 2173812, at *4 (S.D.N.Y. Sept.

5

6, 2005) ("[I]n order to properly exhaust claims raised in an unsuccessful § 440.10 motion, a habeas petitioner must seek leave to appeal the denial of the motion to the Appellate Division.").

If petitioner "at some point . . . had th[e] right [to raise a claim before the state's highest court] but failed to exercise it," the claim will be deemed exhausted but procedurally defaulted because the petitioner "no longer possess[es] 'the right under the law of the State to raise . . . the question presented.'" *Galdamez*, 394 F.3d at 74 (quoting *O'Sullivan*, 526 U.S. at 847). The merits of a procedurally defaulted claim may not be reviewed by a federal court unless the petitioner shows cause for the default and actual prejudice resulting from it, or that failure to consider the defaulted claim would result in a "fundamental miscarriage of justice" because "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986) (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)).

### c. Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, limits petitioners' ability to file successive federal habeas petitions attacking the constitutionality of a single state-court conviction. Where a petitioner is resentenced after his first habeas petition had been denied, however, a subsequent petition attacking his new sentence is not a "second or successive" petition under AEDPA because the subsequent petition is not challenging the same judgment. *See Magwood v. Patterson*, 561 U.S. 320, 340 (2010). The question whether resentencing permits a petitioner to "file a subsequent application challenging not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" is at present unresolved. *Id.* at 342.

6

### d. AEDPA's Highly Deferential Review of State-Court Proceedings

Under AEDPA, an application for a writ of habeas corpus on behalf of a state prisoner

shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). That standard is "highly deferential" to state courts, which "are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011) (citation omitted). Federal courts will not grant the writ unless there is "no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Id.* at 102.

## II.    Analysis

### a. Independent Source Claim

Colon contends that the trial court unreasonably applied *Neil v. Biggers*, 409 U.S. 188 (1972), and unreasonably determined that ten-year-old Betsy's identification had a source independent of the photograph of Colon shown to her by police.[1] Pet. Memo at 17–18. Magistrate Judge Francis recommends denial of this claim as an abuse of the writ. It is the same claim Colon raised before District Judge Scheindlin eight years ago, and there are no intervening

---

[1] To determine the reliability of an in-court identification a court must examine the totality of the circumstances, including "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention to the accuracy of the witness prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of the time between the crime and the confrontation." *Biggers*, 409 U.S. at 199–200. "Against these factors is to be weighed the corrupting effect of the suggestive identification itself." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).

events that would justify revisiting that determination.[2] R&R at 27. Colon concedes that there are "no intervening facts . . . that would warrant this Court's revisiting" this claim, but argues that "there are facts that were overlooked in the State Court's decision that rendered it's factual determination unreasonable." Pet. R. at 2. Any facts overlooked by the state court should have been raised in his first § 2254 petition; they do not justify raising the same claim in a second petition.

District Judge Scheindlin has already ruled on the merits of Colon's claim, and nothing justifies reexamining it. *Id.* The claim is denied.

### b. Ineffective Assistance of Counsel Claims

#### 1. Failure of Counsel to Investigate and Present Alibi Witnesses at Trial

Colon claims that he suffered ineffective assistance of counsel when his counsel failed to investigate and present alibi witnesses at trial. This claim was raised in his Second § 440.10 Motion, but was rejected because counsel's decision not to present an alibi defense was found, in the circumstances, to be a reasonable trial strategy. SR 777. Magistrate Judge Francis recommends denial of this claim for the same reason. R&R at 32. Colon objects without explanation. Pet. R. at 4.

To state a claim of ineffective assistance of counsel, the defendant must prove (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[2] Since this claim was raised in Colon's first federal habeas petition, it would seem to be a "second or successive" petition and thus barred by § 2244. The State has not pursued this argument, however, because Colon was resentenced after his first petition was denied. *See Magwood*, 561 U.S. at 340–42. Nonetheless, "[a] habeas claim that 'was, or could have been, raised in an earlier petition' is generally considered an 'abuse of the writ.'" *Lewis v. Brown*, No. 1:10 CV 796, 2013WL 2181520, at *2 (W.D.N.Y. May 20. 2013) (quoting *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)); *see also Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) ("[T]he repetition of a previously asserted claim can be at least as abusive as raising new claims that could have been pursued in a prior petition."). That principle holds regardless whether § 2244's prohibition of second or successive petitions applies.

8

proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 647 (1984). The *Strickland* standard is "highly deferential," and when viewed through the lens of AEDPA, federal habeas review "is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). "The question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation omitted).

The state court's rejection of Colon's claim is not unreasonable. Counsel may decide to forego investigation based on a reasoned judgement that such investigation would be fruitless, wasteful, or counterproductive. *See Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). The state court record indicates that Colon made inconsistent statements regarding his whereabouts, witnesses proved to be uncooperative, and certain information "cast[ed] doubt on the alibi, and which made it ethically impossible for [counsel] to present it." SR 777–78. For these reasons, Colon's counsel abandoned the alibi defense in favor of the misidentification defense. SR 777–78. It was not unreasonable for the state court to conclude that Colon's counsels' decision to forego the alibi defense was neither an "error[] so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" nor a "deficient performance [that] prejudiced" him. *Strickland*, 466 U.S. at 687. The claim is denied.

### 2. Ineffective Assistance of Counsel in Second § 440.10 Motion

Having failed to prevail in his challenge to alleged errors at trial, Colon raises two claims in his Third § 440.10 Motion with respect to his counsel's effectiveness in postconviction

9

proceedings: (1) counsel was ineffective for failing to present alibi witnesses at the hearing on his second § 440.10 Motion; and (2) counsel was ineffective for failing to perfect an appeal from the denial of his Second § 440.10 Motion.[3] SR 644–45, 832. Since the Supreme Court has not recognized a constitutional right to counsel in collateral proceedings, Magistrate Judge Francis recommends that the Court deny both claims. R&R at 33. Colon objects arguing that defendants have a right to effective counsel in collateral proceedings under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Pet. R. at 5. This objection is unavailing.

"There is no constitutional right to an attorney in state postconviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Colon's reliance on *Martinez* is misplaced. *Martinez* stands for the limited proposition that ineffective assistance of counsel in state postconviction proceedings can provide the cause and prejudice necessary to raise a procedurally defaulted claim of ineffective assistance of trial counsel. *See* 132 S. Ct. at 1315. It does not create a freestanding right to effective assistance of postconviction counsel. The claims are denied.

### 3. Failure of Counsel to Object to Photographic Evidence

Colon claims that his trial counsel should have raised a Confrontation Clause objection to the admission of the photograph shown to Lora's daughter Betsy because the officer who provided the photograph did not testify.[4] Pet. Memo at 33–34. Colon raised this claim in his

---

[3] Colon raised the first claim in his Third § 440.10 Motion and the second claim in his *coram nobis* petition.

[4] The Confrontation Clause requires that, if a witness is not produced for trial, that witness' out-of-court testimonial statement will be admitted only if the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine him. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). "While the Supreme Court has declined to provide a 'comprehensive definition' of testimonial statements, it indicated that the definition includes 'material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially.'" *Delesline v. Conway*, 755 F. Supp. 3d 487, 500 (S.D.N.Y. 2010) (quoting *Crawford*, 541 U.S. at 51).

10

Second § 440.10 Motion, and the state court rejected it because photographs do not qualify as testimonial evidence under *Crawford v. Washington*, 541 U.S. 36, 51 (2004). SR 348. Magistrate Judge Francis recommends denial of this claim for two reasons: (1) the objection was "bound to fail;" and (2) counsel's decision to use the picture to challenge Betsy's credibility was a reasonable trial strategy. R&R 36. Colon did not object to this recommendation.

The Court finds no clear error in Magistrate Judge Francis's recommendation. As the state court found, the photograph's unknown origin and author does not implicate the Confrontation Clause because a photograph is not testimonial evidence. SR 348. Additionally, counsel's decision not to object, but instead to use the photograph to challenge Betsy's credibility, was a reasonable trial strategy in line with counsel's misidentification defense.[5] "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994) (citation and internal quotation marks omitted). The claim is denied.

### c. Sentencing Errors

Colon claims that the sentencing court violated his right to due process when it did not (1) "orally sentence Colon back to the custody of [DOCCS]"; (2) "orally pronounce[] [the sentence] on the record"; or (3) "sentence[] Colon to surcharges, fines, DNA fees or crime victim fees." SR 426–27. The state court determined that (1) the law does not compel a sentencing court to identify the custodial agency to which a prisoner is remanded, (2) Colon's argument that the court failed to orally pronounce his sentence is "belied by the record," and (3) fees and charges need not be mentioned in such pronouncement since they are not part of the sentence under state

---

[5] Colon's counsel argued: "Betsy Vasquez sees a lineup on February 26 and she says not once, but twice that she did not recognize anyone in the lineup as being the robber . . . . Betsy Vasquez changes her mind when she's shown a photograph of my client." Trial Tr. at 535.

11

law. *Id.* at 645–46. Magistrate Judge Francis recommends denial of this claim for the same reasons. R&R at 38. Colon objects without explanation. Pet. R. at 6.

"[W]here there [is] no real inconsistency but rather an ambiguity" between an oral pronouncement and a written judgment due process is not violated. *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999). While the sentencing court's omission of Colon's custodial agency in its oral pronouncement may have created an ambiguity, at best, it was later corrected by the commitment forms specifying DOCCS. SR 580, 582. Indeed, who or what else could be the custodial agency? Additionally, Colon's second complaint is, in fact, "belied by the record" because the transcript of the proceeding reflects that the judge explicitly sentenced him to twenty-years' imprisonment on the record.[6] *Id.* at 645. The resentencing court's failure to announce Colon's fines and other fees is also not a ground for habeas relief. *See Ely v. Lempke*, No. 09 Civ. 5836, 2012 WL 7050432, at *22 (S.D.N.Y. Oct. 18, 2012) ("[S]ince petitioner is not 'in custody' because of his non-payment or inability to pay, the mandatory assessment fee, habeas corpus relief is unavailable"). The trial court did not violate Colon's due-process rights. The claim is denied.

### d. Actual Innocence

Colon claims that he is actually innocent of his crimes. Magistrate Judge Francis recommends denial of this claim. Colon's affidavits are not the kind of evidence required to substantiate an actual-innocence claim sufficient to excuse even a procedural default, let alone to prove a freestanding actual-innocence claim. R&R at 44. Colon objects, and urges the Court to request more detailed affidavits from his witnesses. Pet. R. at 7.

---

[6] The 2009 sentencing court imposed the following sentence: "I will re-sentence [Colon] to the determinate sentence of ten years plus ten years consecutive without any term of post-release supervision." SR 575.

12

The Supreme Court has not determined whether a freestanding claim of actual innocence can be the basis for issuance of the writ. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."); *Herrera v. Collins,* 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Rather, such claims may be raised in a federal habeas petition only "to avoid a procedural bar to the consideration of the merits of [petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To be viable, such a "claim requires petitioner to support his allegations of [actual innocence] with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* This burden will be met only "rare[ly,] . . . in the extraordinary case." *Id.* at 321.

Colon does not raise his actual-innocence claim to avoid a procedural default; rather, he raises a freestanding actual-innocence claim. The Court need not decide whether (or under what standard) Colon can raise his actual innocence claim here, however, because he has not supported his claim with "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" sufficient to overcome even the burden necessary to avoid a procedural default. *Schlup*, 513 U.S. at 327; *see House v. Bell*, 547 U.S. 518, 536–37 (2006) (stating that the hypothetical freestanding actual-innocence claim would "require[] more convincing proof of innocence than *Schlup*").[7] As noted by Magistrate Judge Francis, the

---

[7] In fact, Colon's actual-innocence claim is itself procedurally defaulted. Although Colon raised his actual-innocence claim in his Second 440.10 Motion, he did not seek leave to appeal the denial of this motion on that ground. SR 271–73, 396–403. Perhaps a viable actual-innocence claim could be used avoid procedural default of

13

affidavits presented by Colon in support of his claim were attested to by interested witnesses and lacked sufficient detail. R&R at 41–45. The Court declines to exercise its discretion to give Colon a second bite at the apple by ordering more detailed affidavits from his witnesses. This is especially so because any more details that might be forthcoming would come from the same interested witnesses, whom the Court finds incredible. The claim is denied.

## CONCLUSION

The Court ADOPTS the R&R and DENIES the petition for a writ of habeas corpus. As Colon has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgement for respondent and terminate Case No. 13 Civ. 6744.

Dated: New York, New York  
      July 12, 2016

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

Copy mailed by chambers to:

Manuel Colon  
Inmate # 04-A-5750  
Auburn Correctional Facility  
P.O. Box 618  
Auburn, NY 13024

---

that very claim. Since Colon has not made a sufficient showing to avoid even a procedural default, the Court need not address this hypothetical scenario.

14